CAUSE NO. 2013-07746

| | | |
|---|---|---|
| GREGORY LINDSEY | § | IN THE DISTRICT COURT OF |
| Plaintiff, | § | |
| v. | § | |
| | § | HARRIS COUNTY, |
| | § | TEXAS |
| FEDERAL EXPRESS, CORP. | § | |
| Defendant. | § | _____ JUDICIAL DISTRICT |

FILED
Chris Daniel
District Clerk
FEB 08 2013
Time: _____
Harris County, Texas
By _____ Deputy

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Gregory Lindsey ("Plaintiff") complaining of Federal Express, Corp., ("Defendant") and for cause of action shows unto the Court:

### I.
### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Discovery Level 2 pursuant to Rule 190.3 of the Texas Rules of Civil Procedure.

### II.
### PARTIES AND SERVICE

2.  Plaintiff Gregory Lindsey ("Plaintiff" or "Lindsey") is an individual who resides in Harris County, Texas.

3.  Defendant, Federal Express, Corp. ("Defendant" or "Federal Express") is a foreign corporation conducting business in the State of Texas. Federal Express, Corp. may be served with process through their registered agent, CT Corporation System, 350 North St. Paul

Plaintiff's Original Petition                                                                 Page 1



Street., Suite #2900, Dallas, Texas 75201. Issuance of citation and service of process is requested at this time.

## III.
## JURISDICTION AND VENUE

10. The subject matter in controversy is within the jurisdictional limits of this court.

11. This Court has jurisdiction over Defendant Federal Express, Corp. because this Defendant has purposefully availed itself of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over this Defendant, and the assumption of jurisdiction over these Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

12. Venue in Harris County is proper in this cause because the incident which forms the basis for this lawsuit occurred at a Federal Express store located in Harris County, Texas.

## IV.
## FACTS

13. On or about May 20, 2011, Plaintiff Gregory Lindsey was picking up packages at the Fedex World Service Center located at 10555 S Sam Houston Parkway W, Houston, TX 77071. Mr. Lindsey went to the store counter to pick up some packages and was told that he had too many packages to pick up at the counter and that he needed to go to back to the warehouse to pick them up. Mr. Lindsey did as he was told drove his vehicle to the back to the warehouse and when he exited his vehicle he slipped and fell on a puddle of oil.

14. Mr. Lindsey suffered significant injuries, particularly to his knee and his back. In addition, Mr. Lindsey hit his head and his shoulder. Mr. Lindsey has suffered and continues to suffer significant pain as a result of the injuries he sustained. Moreover, Mr. Lindsey was forced to seek and did seek medical care as a result of the injuries he sustained when he fell.

15. Due to his injuries Mr. Lindsey was unable to work and had to employ help for his business. Mr. Lindsey suffered lost wages and incurred expenses.

16. Due to his injuries Mr. Lindsey suffered loss of consortium and is unable enjoy activities that he use to engage in such as playing golf or playing ball with his child.

## V.
## CAUSES OF ACTION

**A.   Premises Liability.**

15. Plaintiff incorporates all preceding paragraphs by reference.

16. Gregory Lindsey's injury was proximately caused by the negligent and reckless condition of a Defendant's store.

17. Plaintiff Gregory Lindsey was at all times a store patron visiting Defendant's store for the purposes of purchasing services Defendant was selling services and thus was an *invitee* for purposes of a premises liability claim.

18. The Defendant owned the premises, exercised control of the premises, and/or had a right to control the premises.

19. The condition of the warehouse garage on which Mr. Lindsey slipped posed an unreasonable risk of harm.

20. Defendant had actual knowledge of this dangerous condition or in the alternative Defendant should have known of this dangerous condition or had reason to know of this dangerous condition.

21. Defendant had a duty to use ordinary and/or reasonable care to adequately warn Plaintiff of the condition and to make reasonably safe a dangerous condition of which Defendant

was fully aware of prior to the incident or should have been cognizant of upon a cursory inspection of their warehouse garage.

22. The negligent and careless disregard of Defendant's duty consisted of, but is not limited to the following acts and omissions:

    a. Defendant breached its duty by not properly maintaining the store warehouse garage.

    b. Defendant failed to provide any warnings regarding the dangerous condition and failed to make the premises reasonably safe.

    c. Defendant failed to remove oil on the premises that endangered the safety of others.

    d. Defendant breached its duty by not eliminating the dangerous condition and not cleaning the dangerous oil.

    e. Defendant breached its duty of care by failing to warn about the oil on the ground.

    f. Defendant failed to properly maintain the warehouse garage or monitor the safety of the parking area.

23. As a result, Plaintiff was proximately injured and damaged by Defendant.

**B. Negligence.**

24. Plaintiff incorporates all preceding paragraphs by reference.

25. Plaintiff's injuries were proximately caused by Defendant's negligent and reckless disregard for patron's safety on its premises.

26. Defendant had a duty to exercise reasonable care to avoid a foreseeable risk of injury to others.

27. Defendant negligently and recklessly breached that duty by not maintaining, repairing or warning their patrons of the dangerous oil on the warehouse garage. Further,

Defendant should have foreseen that the oil on the ground posed a danger to patrons using their facility.

28. Defendant proximately caused the injuries described herein by:

   a. failing to properly maintain the warehouse garage;

   b. not properly securing the area for all patrons or warning of the danger posed by oil.

   c. failing to replace or eliminate the hazard knowing that patrons would be utilizing the area and would often not be able to see the floor immediately while exiting their vehicles.

29. As a result, Plaintiff has suffered damages within the jurisdictional limits of this court.

## VI.
### DAMAGES FOR PLAINTIFF

30. As a proximate result of the occurrence made the basis of this lawsuit, Plaintiff has suffered and incurred the following damages:

   A. Reasonable medical care and expenses in the past for Gregory Lindsey;

   B. Reasonable and necessary medical care and expenses that he will, in all reasonable probability, incur in the future;

   C. Physical pain and suffering in the past for Gregory Lindsey;

   D. Physical pain and suffering in the future for Gregory Lindsey;

   E. Physical impairment in the past for Gregory Lindsey;

   F. Physical impairment that, in all reasonable probability, Gregory Lindsey will suffer in the future;

   G. Mental anguish in the past for Gregory Lindsey; and

   H. Mental anguish in the future for Gregory Lindsey.

   I. Lost wages.

J.      Incurred expenses.

## VII.
## JURY DEMAND

31.    Plaintiffs hereby demands trial by jury and tenders the applicable fee.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff Gregory Lindsey respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of this cause, judgment be entered for the Plaintiff against Defendant, for damages in an amount within the jurisdictional limits of the Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of Court; and all such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

WILNER & TAYLOR
JEFFREY WILNER

Jeffrey Wilner.
State Bar No. 21665300
1300 McGowen St
Houston, Texas 77004
Telephone:    713.650.3000
Facsimile:    713.621.1449

**MITSY BARAJAS**

_/s/ Mitsy Barajas_
Mitsy Barajas
State Bar No. 2405514
1300 McGowen St.
Houston, Texas 77004
Telephone:  713.229.0224
Facsimile:   713.621.1449

**Attorneys for Plaintiff Gregory Lindsey**

Filed 13 March 8 P12:13
Chris Daniel - District Clerk
Harris County
ED101J017366698
By: Wanda McCullough

CAUSE NO. 2013-07746

| | | |
|---|---|---|
| GREGORY LINDSEY, | § | IN THE DISTRICT COURT OF |
| *Plaintiff,* | § § § | |
| v. | § § | HARRIS COUNTY, TEXAS |
| FEDERAL EXPRESS, CORP., | § § § | |
| *Defendants.* | § | 11TH JUDICIAL DISTRICT |

## DEFENDANT'S ORIGINAL ANSWER

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW **FEDERAL EXPRESS CORPORATION, incorrectly identified herein as Federal Express, Corp.**, hereinafter referred to as "Defendant", and files this Defendant's Original Answer in response to the claims of **GREGORY LINDSEY**, hereinafter referred to as "Plaintiff," and will respectfully show the Court the following:

## I.
## GENERAL DENIAL

1. Defendant, expressly reserving its rights under the Texas Rules of Civil Procedure 92, 94, 97 and 98 to file special exceptions, affirmative defenses, counterclaims and cross claims, following appropriate investigation and discovery, generally denies each and every, all and singular, the allegations contained in Plaintiff's Original Petition, and all supplements and/or amendments filed thereto, and hereby demands strict proof thereof.

## II.
## AFFIRMATIVE DEFENSES

2. By way of separate or affirmative defense, Defendant would show that the Plaintiff's claims for negligence are barred because, according to the Plaintiff's own factual allegations, the Plaintiff's alleged injuries were not the result of an ongoing activity.

3. By way of separate or affirmative defense, Defendant would show that the Plaintiff's claim for premises liability is barred because the Defendant had no actual or constructive knowledge of an alleged dangerous condition on the Defendant's premises.

4. By way of further answer, Defendant would show this Court that Plaintiff's claims are barred, in whole or in part, because the occurrence and injuries, if any, made the basis of this lawsuit were proximately caused by the failure of the Plaintiff to exercise ordinary care for the Plaintiff's own safety on the occasion in question. The Plaintiff's failure represented the sole proximate cause of such occurrence or, in the alternative, a proximate cause of the occurrence in question.

5. By way of a separate or affirmative defense, Defendant would show that the incident made the basis of this suit was proximately caused, in whole or in part, by some act or omission on the part of third persons over whom Defendant has no control and for whose acts and omissions Defendant is in no way responsible.

6. By way of a separate or affirmative defense, Defendant would show that Defendant is not liable for any condition resulting from the failure, if any, of Plaintiff, to act as a person of ordinary prudence would have acted under the same or similar circumstances in caring for and treating Plaintiff's injuries, if any, that resulted from the occurrence in question.

7. By way of a separate or affirmative defense, Defendant contends that the Plaintiff's "right" to recover medical expenses is limited by the provisions of TEX. CIV. PRAC. & REM. CODE § 41.0105. The amounts that the Plaintiff was allegedly "billed" for the medical treatment claimed to have been received by him for post-accident medical treatment is in excess of the amounts actually paid or incurred. Thus, recovery of medical or health care expenses incurred by the Plaintiff is limited to the amount actually paid or incurred by or on behalf of the Plaintiff.

8. Defendant further pleads the affirmative defense set forth in Texas Civil Practice and Remedies Code § 18.091, requiring the Plaintiff to prove his loss of earnings and/or loss of earning capacity in the form that represents his net loss after reduction for income tax payments or unpaid tax liability on said loss of earnings claim pursuant to federal income tax law. *See* TEX. CIV. PRAC. & REM. CODE § 18.091. Additionally, Defendant requests the Court to instruct the jury as to whether any recovery for compensatory damages sought by the Plaintiff, if any, is subject to federal or state income taxes.

9. Defendant further states that if Plaintiff is suffering from any physical or mental condition or disability at the present time, or after the incident made the basis of this suit, that such condition or disability was solely caused by any accidents, injuries, diseases, or disorders which were preexisting or which arose subsequent to the time of the alleged incident made the basis of this suit, and are wholly unconnected with the incident made the basis of this suit, or that such conditions or disabilities were partially caused by such preexisting or subsequent accidents, injuries or disorders.

10. Further, Defendant requests the Court and Jury to consider the relative damages and conduct of the parties and all tortfeasors, including Plaintiff, and accord Defendant the full benefit of TEX. CIV. PRAC. & REM. CODE Chapter 33, that includes but is not limited to proportionate responsibility and contribution.

11. Defendant respectfully requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Defendant Federal Express Corporation prays that Plaintiff take nothing by Plaintiff's suit, that Defendant be discharged, that Defendant be awarded Defendant's costs of Court, and for all further relief, both general and special, at law and in equity to which Defendant may be entitled.

Respectfully submitted,

SHANNON, GRACEY, RATLIFF & MILLER, L.L.P.
1301 McKinney Street, Suite 2900
Houston, Texas 77010
(713) 255-4700 Telephone
(713) 655-1597 Fax



Peter C. Blomquist
Texas Bar No. 00794921
Barrett G. Flynn
Texas Bar No. 24054451
Wilbourn T. Woodward
Texas Bar No. 24056562
Daniel R. Erwin
Texas Bar No. 24059724

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing was served under Rule 21 and 21a, Texas Rules of Civil Procedure, by Certified Mail, Return Receipt Requested, regular mail and/or facsimile on this the 8th day of March, 2013, upon the following counsel of record:

Jeffrey Wilner
Misty Barajas
WILNER & TAYLOR
1300 McGowen Street
Houston, Texas 77004
*Attorney for Plaintiff Gregory Lindsey*

Peter C. Blomquist